**RECEIVED**

**IN THE UNITED STATES DISTRICT COURT**

FEB 2 2 2013

**FOR THE DISTRICT OF MONTANA**

**CLERK**, U.S. DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA

**GREAT FALLS  DIVISION**

| | |
|---|---|
| RODNEY A. EDMUNDSON,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN DAN O'FALLON, GREG<br>SCOTT PHYSICIAN ASSISTANT, and<br>SPECTRUM MEDICAL SERVICES,<br><br>Defendants. | Cause No.  CV 13-00016-GF-DWM-RKS<br><br><br>ORDER |

Pending are Plaintiff Rodney Edmundson's Motion to Proceed in Forma

Pauperis (doc. 1), proposed Complaint (doc. 2), and Motion for a Temporary

Restraining Order and Preliminary Injunction.  (doc. 3).

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Edmundson submitted a declaration and account statement sufficient to

make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to

proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Edmundson must pay the statutory

1

filing fee of $350.00. Mr. Edmundson submitted an account statement showing he has insufficient funds to pay an initial partial filing fee. The initial partial filing fee will be waived but Mr. Edmundson must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Mr. Edmundson will be directed to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. ALLEGATIONS IN COMPLAINT

Mr. Edmundson alleges that since January 15, 2013, Defendants have been deliberately indifferent to his medical needs by denying him pain medications which were previously prescribed for chronic and substantial pain in his hip and lower back. He contends he has been prescribed Trammodol, Flexeril, Norflex, Robaxin, Methocaramol, Trazadone, Nuerontin, and Diazapam since he suffered a slip and fall in February 2005. (doc. 2, p. 12). Upon arrival at the Great Falls Regional Prison, Mr. Edmundson requested medical treatment. A note from Defendant Scott on January 15, 2013 indicated: "I reviewed your recent lumbar spine s-ray report from MSP. It demonstrates disc space narrowing at the lowers 2 levels which is common in patients/people in their 40's. There is no fracture, slip

2

or destructive process noted." (doc. 2-1, p. 2).[1]

On January 18, 2013, Mr. Edmundson was transported to the Anderson Clinic in Great Falls, Montana for x-rays of his lumbar spine and hip. He alleges the radiologist told him that any soft tissue damage would not be detected by an x-ray and that only an MRI could detect abnormalities. (doc. 2, p. 12).

On January 22, 2013, Defendant Scott responded to Mr. Edmundson's medical request stating:

> I did specifically tell you what your back x-ray demonstrated. Disc space narrowing @ the lowest (2) levels. No evidence of fracture or degenerative slip (one vertebrae overriding another). Again this is physiologic narrowing common in middle age people. Your hip x-rays were also unremarkable–no degenerative changes, fracture or dislocation. While I have seen your hip x-ray myself, both the lumbar spine x-ray & hip x-rays here were reviewed by a radiologist! It is their interpretation on the report.

(doc. 2-1, p. 3).

On January 22, 2013, Mr. Edmundson submitted an emergency grievance form and requested his proper medications. (doc. 2-1, p. 5). The January 23, 2013 response indicates Mr. Edmundson had an x-ray on January 18, 2013 and he would be seen in clinic. (doc. 2-1, p. 5). Mr. Edmundson indicated on that form that he intended to appeal the response to the next level but there is no appeal

---

[1]Gumataotao v. Director of Dept. of Revenue and Taxation, 236 F.3d 1077, 1083 (9th Cir. 2001)(Court may consider materials attached to a complaint).

attached to the Complaint.  Mr. Edmundson indicates in his Complaint that

Defendants refused to answer any of his requests and he has not exhausted his

administrative remedies.  (doc. 2, p. 10, ¶ 10).

On February 1, 2013, Mr. Edmundson was again transported to Anderson

Clinic and received additional x-rays.  On February 7, 2013, Mr. Scott provided

the following response to Mr. Edmundson,

> Despite an essentially unremarkable back x-ray from Deer Lodge, I
> went ahead & ordered another back x-ray so that I could look @ it.  I
> order several other views to rule out a fracture or slip in the back.
> Other than a chronic wedge configuration @ T11-L1 your x-rays
> were unremarkable.  You have mild degenerative disc disease @ only
> one level (L3-4).  With both back & pelvic x-rays that don't
> demonstrate any significant findings & a physical exam that was
> unremarkable, I can see no justification to place you on a daily
> medication.  I wrote an order for Tylenol, you refused it.  Your
> opinion is just that, your opinion.  Despite your claims that I have a
> financial incentive to keep costs low, which I might add is incorrect,
> the fact that I ordered relatively expensive x-rays would refute that
> claim.  I will treat anything that needs to be treated & nothing more.
> You may not agree with my assessment, but that doesn't make it
> incorrect or inappropriate.

(doc. 2-1, p. 9).  Mr. Edmundson contends he did not take acetaminophen because

it stops up his nose, takes away his sense of smell, makes his nose bleed, and has

no effect on his muscle spasms and chronic and substantial pain.  (doc. 2, p. 14).

Mr. Edmundson alleges he is slowly becoming more immobilized, is in

great substantial pain, is being refused answers to his informal grievances, is

4

denied prescriptions, and is being ignored by medical staff.  (doc. 2, p. 14).

## III.   MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Mr. Edmundson seeks a temporary restraining order requiring Defendants to arrange for his immediate transfer to the Montana State Prison, to arrange for an MRI examination and a plan of treatment by a qualified specialist and for a preliminary injunction requiring Defendants to carry out that plan of treatment.

Mr. Edmundson has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure.  A preliminary injunction may only be issued on notice to the adverse party.  Fed.R.Civ.P. 65(a)(1).  A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if:  (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  Fed.R.Civ.P. 65(b).  Mr. Edmundson has not satisfied either requirement.

5

The standard for granting a temporary restraining order is identical to that for a preliminary injunction. <u>Hawaii County Green Party v. Clinton</u>, 980 F.Supp. 1160, 1163–64 (D.Haw.1997).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 129 S.Ct. 365, 374 (9th Cir. 2008). In addition, the Prison Litigation Reform Act requires that,

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . .

18 U.S.C. § 3626(a)(2).

The Court first notes that Mr. Edmundson's Complaint is subject to dismissal because he admits on the face of his pleading that he has not yet exhausted his administrative remedies.  The Prison Litigation Reform Act contains an exhaustion requirement which states:

> [n]o action shall be brought with respect to prison conditions under

6

section 1983 of this title, or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002);

Booth v. Churner, 532 U.S. 731, 741 (2001).

A complaint may be subject to dismissal for failure to state a claim when an

affirmative defense (such as failure to exhaust) appears on the face of the pleading.

Jones v. Bock, 549 U.S. 199, 215 (2007).  Where the plaintiff specifically states in

the Complaint or the documents submitted therewith that he has not exhausted his

administrative remedies, the Court need not await a defendant's assertion of

affirmative defenses to find that relief is precluded.  "A prisoner's concession to

nonexhaustion is a valid ground for dismissal, so long as no exception to

exhaustion applies."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

Mr. Edmundson conceded he has not completed the exhaustion process at

his current facility.  (doc. 2, p. 10, ¶ 10).  Therefore, this case is subject to

dismissal for failure to exhaust administrative remedies.

Secondly, Mr. Edmundson has not shown that he is likely to succeed on the

merits of his claims.  To state a § 1983 claim for failure to provide medical care, a

prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful

to evidence a deliberate indifference to serious medical needs."  Estelle v. Gamble,

7

429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012)(quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 quoting Jett, 439 F.3d at 1096. "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988)(citing Estelle, 429 U.S. at 104-05).

Even assuming Mr. Edmundson suffers a serious medical need (which has not been established), under the liberal standard applied to pro se pleadings, Mr. Edmundson's Complaint does not allege deliberate indifference. Allegations that

8

treatment has been requested and denied because a difference of opinion with medical staff, absent more, do not state a claim for deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Based upon the allegations in the Complaint and the documents attached thereto, it appears that within less than a month of his arrival at the Great Falls Regional Prison, Mr. Edmundson had been sent to an outside medical provider for x-rays on two occasions. Defendant Scott reviewed not only those two sets of x-rays but also a set of x-rays that were taken while Mr. Edmundson was at Montana State Prison.

Mr. Edmundson has plead nothing more than a difference of opinion as to the best course of treatment, not deliberate indifference. Mr. Edmundson's condition has not been ignored. He alleges only that he would prefer different treatment (an MRI) and different medications. A difference of medical opinion cannot support a claim of deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004).

"[A] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " Erickson v. Pardus, 550 U.S. ____, 127 S.Ct. 2197, 2200 (2007); Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Construing Mr. Edmundson's

9

pleadings liberally, he has not alleged deliberate indifference to a serious medical need. Accordingly, he has not established a likelihood to succeed on the merits. His motion for a temporary restraining order and preliminary injunction will be denied.

## IV. LEAVE TO AMEND

Regardless of the denial of the motion for temporary restraining order and preliminary injunction, Mr. Edmundson's Complaint is subject to dismissal for failure to exhaust his administrative remedies and failure to state a claim upon which relief can be granted.

As Mr. Edmundson is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915, which provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds"

10

of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127

S.Ct. 1955, 1964-65 (2007) (quotation omitted).  This requirement demands "more

than labels and conclusions, [or] a formulaic recitation of the elements of a cause

of action." Id.  A complaint must " 'give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests.' " Erickson, 127 S.Ct. at 2200

(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957))).

Although the statute requires a dismissal for the reasons stated, it does not

deprive the district court of its discretion to grant or deny leave to amend.  Lopez

v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant

leave to amend if "it determines that the pleading could not possibly be cured by

the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497

(9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is

"absolutely clear that the deficiencies of the complaint could not be cured by

amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing

Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

Out of an abundance of caution, Mr. Edmundson will be given an

opportunity to file an amended complaint.  In any amended complaint, Mr.

Edmundson must first clarify whether he has exhausted his administrative

11

remedies and if not, why. Secondly, he must allege specific facts to demonstrate the personal involvement of any named defendant. A complaint must set forth the specific facts upon which a plaintiff relies in claiming the liability of each defendant. Fed. R. Civ. P. Rule 8(a)(2). To establish liability pursuant to Section 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Mr. Edmundson has not made specific allegations against Defendants O'Fallon or Spectrum Medical.

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Edmundson believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Edmundson's rights; (5) when the alleged actions took place; and (6) what injury Mr. Edmundson suffered because of that defendant's conduct. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Mr. Edmundson must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Edmundson must provide specific factual allegations for each element of each of his claims, and must state with specificity to which

12

defendants each of his claims apply.  If Mr. Edmundson fails to affirmatively link

the conduct of a defendant with an injury suffered, the allegation against that

defendant will be dismissed for failure to state a claim.

The amended complaint must be complete in itself without reference to any

prior pleading.  Once Mr. Edmundson files an amended complaint, it supercedes

the original pleadings and those pleadings no longer serve a function in the case.

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.

Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990); Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently

alleged.  Only the original document must be filed; copies are not necessary.

At all times during the pendency of this action, Mr. Edmundson SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## V.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Mr. Edmundson's

motion to proceed in forma pauperis (doc. 1) is granted.  The Clerk shall edit the

text of the docket entry for the Complaint to remove the word "LODGED" and the

13

Complaint is deemed filed on February 22, 2013.

IT IS FURTHER ORDERED that Mr. Edmundson's Motion for a

Temporary Restraining Order and Preliminary Injunction (doc. 3) is denied.

IT IS FURTHER ORDERED that on or before March 22, 2013 Mr.

Edmundson may file an amended complaint and the Clerk of Court is directed to

provide him a form for filing an amended complaint. Failure to use this form may

result in the dismissal of this action.

DATED this 22nd day of February, 2013.

Donald W. Molloy, District Judge
United States District Court

14